

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILLIAM LEITH, | * | CIV. 06-4042 |
| Plaintiff, | * | |
| vs. | * | ORDER |
| BOB DOOLEY, Warden; C/O THOMPSON; LT. STEVENS, | * | |
| Defendants. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff's complaint has been screened under 28 U.S.C. 1915 and 28 U.S.C. 1915A. His complaint survives screening, but before the summons and complaint can be served plaintiff must either be granted *in forma pauperis* status or he must pay the filing fee. He must also make arrangements for service of the lawsuit unless he qualifies for *in forma pauperis* status. He has been provided the forms and instructions to apply for *in forma pauperis* status, but he has not yet filed them.

Pending is the additional matter of plaintiff's request for a temporary restraining order to preserve evidence. Because preservation of evidence is an issue about which time could be of the essence, this Order is filed in anticipation that plaintiff will soon follow through with the steps which are necessary to actually commence his litigation. This Order does not, and is not intended to, commence the litigation. That can only be accomplished by service of the summons and complaint, which in turn can only be accomplished after plaintiff either qualifies for and is granted *in forma*

*pauperis* status, or he pays the filing fee and arranges and pays for service of the lawsuit himself.

A courtesy copy of this Order will be mailed to the Warden Bob Dooley and to the plaintiff for their information.

"It has long been understood that certain implied powers must necessarily result to our Courts of justice from the nature of their institution, powers which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." Chambers v.NASCO, Inc., 501 U.S. 32, 43 (1991) (internal cites and quotes omitted). Inherent powers ". . .are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Chambers at 43.

Plaintiff has alleged:

> On the night of 12-31-05 I was handcuffed by c/o Thompson to my assigned bunk where I was then and there stripped of my clothing and smacked and gropped (sic) by inmates housed in my housing unit. I've been forced to live in the same housing unit and indure (sic) hazing and ridicule from both inmates and prison guards in the same unit ever since the trauma further traumatizing me.

Plaintiff requests a temporary restraining order directing defendants to preserve the video tape of the incident. The magistrate judge does not have jurisdiction to issue temporary restraining orders. The magistrate judge does, however, have jurisdiction to issue discovery orders. Since this matter can be addressed under the inherent power of the court as a discovery matter without resort to a temporary restraining order, and because it appears this is more appropriately a matter relating to discovery of evidence than it is a matter appropriate for a temporary restraining order, it is, therefore,

ORDERED that plaintiff's motion is construed as a request for discovery before the lawsuit is pending pursuant to Federal Rule of Civil Procedure 27 and as an interrogatory under Rule 33 and as a request for production under Rule 34. This Order shall be served on defendants contemporaneously with the service of the summons and complaint. Defendants shall advise the

court and the plaintiff whether a video tape recording of the alleged incident exists. If so, defendants shall produce the video tape recording to the court and to the plaintiff for his inspection and copying. For purposes of this Order it is presumed the video tape recording is in the possession or control of persons in the South Dakota penal system and it is further presumed those persons will cooperate with the defendants in the event those persons are not the defendants themselves.

It is FURTHER ORDERED that courtesy copies this ORDER be mailed to Warden Bob Dooley and to plaintiff.

It is FURTHER ORDERED that this Order notwithstanding, plaintiff remains responsible for establishing his *in forma pauperis* status or paying the filing fee immediately. If plaintiff does not qualify for *in forma pauperis* status, then plaintiff must thereafter make arrangements for service of this lawsuit upon defendants.

Dated this 6th day of March, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy